Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Ave.
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*
and the Putative Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL DOLNICEK individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AUTO CONSUMER SOLUTIONS LLC, a Nevada Business Entity, d/b/a WARRANTY PROTECTION SERVICES, and JOHN DOE, an unknown business entity,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1.Plaintiff JILL DOLNICEK ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against AUTO CONSUMER SOLUTIONS LLC, a Nevada Business Entity, d/b/a WARRANTY PROTECTION SERVICES ("WPS"), and JOHN DOE ("John Doe"), an unknown business entity (together, "Defendants") to stop their illegal practice of making unauthorized calls that play prerecorded voice messages to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

1

COMPLAINT

## NATURE OF THE ACTION

2.  Defendants sell, provide, and finance vehicle protection plans as a primary part of marketing their products and services, Defendants and/or their agents placed thousands of automated calls employing a prerecorded voice message to consumers' cell phones nationwide.

3.  Defendants did not obtain prior express written consent from the people they were autodialing, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.  Congress enacted the TCPA in 1991 to address this very threat, in order to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5.  The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of a prerecorded voice called to consumers' phones without their consent.

6.  By placing the calls at issue, Defendants violated the privacy and statutory rights of Plaintiff and the Class.

7.  In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted) ("the FCC Letter").

8. Plaintiff therefore seeks an injunction requiring Defendants to stop clogging consumers' cell phones with unwanted prerecorded messages, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff JILL DOLNICEK is a natural person and is a citizen of the Northern District of Illinois.

10. Defendant WPS is a Nevada Business Entity with its principal place of business at 895 Dove Street, 3rd Floor, Newport Beach, CA 92660.

11. Defendant's registered agent is UNITED STATES CORPORATION AGENTS, INC., 500 N. Rainbow Road, Suite 300A, Las Vegas, NV, 89107.

12. The true names and capacities of the Defendant sued herein as John Doe are currently unknown to Plaintiff, who therefore sue such Defendants by their fictitious names. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the John Doe Defendant(s) when such identities become known.

## JURISDICTION AND VENUE

13. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

14. This Court has specific personal jurisdiction over all Defendants because the violating phone calls leading to the sale of Defendants' product at issue originated from within this District, where Defendant WPS is located.  This Court also has general personal jurisdiction over Defendant WPS because its principal place of business is located in this District.

15. This Court has supplemental jurisdiction over all Plaintiff's California and common law claims under 28 U.S.C § 1367(a) because they are so related to the TCPA claims in this action that arise

under the Court's original jurisdiction that they form part of the same case or controversy under Article III.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the wrongful conduct giving rise to this case originated in this District.

## COMMON FACTUAL ALLEGATIONS

17. Defendants cooperate in a high-volume scheme to robocall consumers quickly to sell and administer vehicle protection plan.

18. To increase the sales of their vehicle protection plans and avoid paying for legitimate and legal forms of advertising, Defendant WPS hired John Doe to implement a campaign to make telemarketing calls to Plaintiff as well as thousands of consumers around the country simultaneously.

19. Specifically, Defendants amassed the names, phone numbers, and vehicle information for thousands of consumers, from unknown sources, and then placed unsolicited calls offering extended auto warranty coverage.

20. When the Class members answered their cell phones thinking a real person was calling, Defendant WPS pulled a bait and switch by playing a prerecorded voice advertisement.

21. Defendants respected Class Members' time and privacy so little that they did not even hire a real person to call them – they used a machine to play prerecorded messages to thousands of consumers at once in the hopes that those who purchase the product justify the annoyance to the Class as just the "cost of doing business."

22. Defendants failed to obtain prior express written consent from consumers before bombarding their cell phones with these annoying voice recordings.

## FACTS SPECIFIC TO PLAINTIFF JILL DOLNICEK

23. Plaintiff received at least 2 calls on her cell phone on February 26, 2021 and March 2, 2021.

24. Each call was from a different "spoofed" number, in an attempt to trick Plaintiff into answering the call.

25. Plaintiff answered the first call and missed the second call automatic voice advertising "auto warranties" with a "press one" option for more information.

26. The recorded message instructed Plaintiff to "press one" to speak to a representative.

27. Plaintiff "pressed one" and was then connected with a sales representative who Plaintiff later learned was an agent or employee of Defendant WPS.

28. Defendant WPS represented that Plaintiff's auto warranty was going to expire and informed Plaintiff that she could extend her warranty by purchasing a plan through Defendants.

29. In order to investigate the identity of the robocaller, Plaintiff discussed and eventually purchased the auto service contract from Defendant WPS.

30. Defendant WPS already had Plaintiff's vehicle information and asked Plaintiff only to "confirm" the make, model and year of her vehicle.

31. It wasn't until the end of the call after Plaintiff already agreed to purchase the product that Defendant WPS disclosed its identity.

32. Plaintiff's credit card was charged by Defendant WPS.

33. Plaintiff never consented to receive calls from Defendants or their authorized agents.

34. Plaintiff had no relationship with Defendants prior to this incident and never requested information from Defendants or that Defendants contact her in any manner, let alone place prerecorded voice calls to her cell phone.

**CLASS ALLEGATIONS**

35. **Class Definition**: Plaintiff Dolnicek brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of herself and a class defined as follows:

5

COMPLAINT

36. **No Consent Class**. All persons in the United States who: (1) from the last 4 years to present (2) received at least one telephone call; (3) on her cellular telephone; (4) that was played a prerecorded voice message; (5) for the purpose of marketing Defendant's products or services; (6) where Defendant did not have any record of prior express written consent to place such call at the time it was made.

37. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

38. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

28 **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

29 **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and her

counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

30  **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

31  **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

  i. Whether Defendants' conduct violated the TCPA;
  ii. Whether the calls played voice recordings to cell phones;
  iii. Whether Defendants obtained prior written consent prior to contacting any members of the Class;
  iv. Whether members of the Class are entitled to treble damages based on the knowing or willfulness of Defendants' conduct.

32  **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the

individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

33   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34   Defendant and/or their agents placed telephone calls to Plaintiff's and the Class members' cellular telephones, without having their prior express written consent to do so.

35   Defendants' telephone calls were made for the purpose of marketing and advertising Defendants' vehicle protection plan product and services.

36   Defendants played a prerecorded voice message to the cell phones of Plaintiff and the Class members as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

37   By calling and playing the prerecorded voice message to Plaintiff's and the Class's cellular telephones without their prior express written consent, Defendants violated 47 U.S.C. §227(b)(1)(A)(iii).

38   As a result of its unlawful conduct, Plaintiff's and the Class suffered statutory damages under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil penalties for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

39   Defendants and/or their agents made the violating calls "knowingly" and/or "willfully" under 47 U.S.C. § 227(b)(3)(C). If the court finds that Defendants willfully or knowingly violated this subsection, the court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

COMPLAINT

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(c)
### (On behalf of Plaintiff and the DNC Class)

40  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41  The telephone numbers of Plaintiff and the DNC Class are registered on the Do Not Call Registry.

42  Plaintiff registered her phone number ending in 2267 on the DNC List on December 3, 2004.

43  Defendants and/or their agent placed telephone calls to Plaintiff's and the Class members' DNC-registered telephones without having their prior express written consent to do so.

44  The foregoing acts and omissions of Defendants and/or their agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

45  Defendants' calls were made for a commercial purpose.

46  Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

47  Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

48  Plaintiff also seeks a permanent injunction prohibiting Defendants and their agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JILL DOLNICEK, individually and on behalf of the Class, prays for the following relief:

COMPLAINT

A. An order certifying the Class as defined above, appointing Plaintiff JILL DOLNICEK as the Class representative and appointing her counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate the TCPA;

C. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' prior express written consent to receive such calls, and otherwise protecting interests of the Class;

D. An award of actual and statutory damages;

E. An award of reasonable attorneys' fees and costs; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 19, 2021

    Respectfully submitted,

    JILL DOLNICEK, individually and on behalf of all others similarly situated,

    By: /s/ Mark L. Javitch

    Mark L. Javitch (SBN 323729)
    Javitch Law Office
    480 S. Ellsworth Ave
    San Mateo, CA 94401
    Telephone: (650) 781-8000
    Facsimile: (650) 648-0705
    mark@javitchlawoffice.com

    *Attorney for Plaintiff*
    and the Putative Class

COMPLAINT